UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,

      v.                            CR. NO. 10cr20503
                                     HONORABLE DENISE PAGE HOOD

**CHARLES WATSON**,

                    Defendant.

_____/

## MOTION TO REOPEN DETENTION HEARING AND SET BOND PENDING FURTHER PROCEEDINGS

Defendant CHARLES WATSON, through his attorneys ANDREW N. WISE and TODD A. SHANKER of the Federal Defender Office, moves this Honorable Court, pursuant to 18 U.S.C. 3142(f), to reopen the detention hearing in this case and release Mr. Watson on bond subject to any conditions that the Court deems necessary. In support of this Motion, Mr. Watson files an accompanying brief and further states:

1) Mr. Watson is currently charged in a four count Indictment with two counts of possession with intent to distribute controlled substances, in violation of 21 U.S.C. § 841(a), one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

2) Mr. Watson was arrested in Jackson, Michigan on April 20, 2010. Since that date, he has been detained.  Mr. Watson has now been in pre-trial custody for one (1) year, (1) month, and (1) week – a total of 402 days.

3) Watson was initially charged in state court. While the state court set bond at $100,000.00/10 percent, Mr. Watson was unable to post it.

4) On August 4, 2010, a federal criminal complaint was filed in this matter.

5) On August 9, 2010, Mr. Watson made his initial appearance in this Court.

6) On August 10, 2010, a detention hearing was held before Magistrate Judge Morgan. The Pretrial Services Agency recommended that Mr. Watson be released on bond.  At the conclusion of that hearing, Magistrate Judge Morgan set a $1,500.00/10 percent bond.

7) The government then sought review of Magistrate Judge Morgan's bond order before Judge Murphy, the presiding district judge on August 10, 2010.

8) On August 10, 2010, Judge Murphy held a hearing on this matter.

9) On August 12, 2010, Judge Murphy issued an Order of Detention.

10) On August 19, 2010, a grand jury returned the Indictment.

11) On September 12, 2010, Mr. Watson filed a Motion to Suppress Evidence.

12) On December 16, 2010 and January 7, 2011, the Court issued Findings of Fact and Conclusions of Law as to Mr. Watson's Motion to Suppress Evidence. The net effect of the Court's findings is the exclusion from evidence of items found on Mr. Watson's person and his statement to the Jackson Police Department.

13) On March 14, 2010, the Government filed a Notice of Appeal.

13) Title 18 United States Code, Section 3142(f) provides, in pertinent part, that

a detention hearing:

> . . . may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

14) The Court's grant of the Motion to Suppress in this case in conjunction with the Government's decision to pursue an interlocutory appeal constitutes a basis for reopening the detention hearing and granting a reasonable bond.

15) Mr. Watson has been in pre-trial custody for over 13 months.

16) There are conditions of release that can be fashioned in this case to reasonably assure his appearance and the safety of the community.

For these reasons, Mr. Watson respectfully requests that this Court reopen the detention hearing in this matter and, after hearing such evidence as may be necessary, set conditions of bond.

Respectfully Submitted,

**FEDERAL DEFENDER OFFICE**
LEGAL AID & DEFENDER ASSN., INC.
Attorneys for Defendant

s/ Todd A. Shanker
E-mail: todd_shanker@fd.org

s/ Andrew N. Wise
E-mail: andrew_wise@fd.org
613 Abbott St., 5th Floor
Detroit, MI 48226
Date: May 27, 2011            Phone: (313) 967-5830

3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                    Plaintiff,                CR. NO.   10-20503

      v.

                                        JUDGE:  DENISE PAGE HOOD

CHARLES WATSON,

                    Defendant.

_____/

**DEFENDANT'S BRIEF IN SUPPORT OF MOTION TO REOPEN DETENTION HEARING AND SET BOND PENDING FURTHER PROCEEDINGS**

## INTRODUCTION

Given the recent filing of an interlocutory appeal by the United States, Mr. Watson should be released on bond because the original conditions justifying his detention under the Bail Reform Act have significantly changed and his continued detention would violate the Fifth Amendment. The Government's pursuit of an interlocutory appeal, in conjunction with this Honorable Court's partial grant of defendant's Motion to Suppress Evidence, materially undermines the previous finding that no conditions of bond could reasonably assure the safety of the community, and fundamentally changes the circumstances underlying the lengthy pretrial detention in this case. Mr. Watson's continued detention violates the Due Process Clause of the Fifth Amendment. For these reasons, Mr. Watson's Motion for Bond pending further proceedings should be granted.

## ARGUMENT

I.   **The Government's filing of an interlocutory appeal constitutes information that was not known to Mr. Watson at the time of his detention hearing and which has a material bearing on the issue of his release on bond pending further proceedings.**

Pursuant to 18 U.S.C. §3142(f), a detention hearing:

> may be reopened, before or after a determination by the judicial officer, at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

1

On December 16, 2010, and January 7, 2011, this Court issued Findings of Fact and Conclusion of Law as to Mr. Watson's Motion to Suppress Evidence. The net effect of this Court's findings is the exclusion from evidence of items found on Mr. Watson's person and his statement to the Jackson Police Department. Following this Court's Order to Suppress, the United States sought an interlocutory appeal challenging that decision. The filing of the interlocutory appeal constitutes a basis for reopening the detention hearing in this matter because it amounts to new information that has a material bearing on Mr. Watson's detention. The interlocutory appeal materially affects Mr. Watson's pretrial detention, as there is no longer any prospective trial date in sight, and the continued detention serves only to punish Mr. Watson.

In determining whether there are conditions of release that will reasonably assure the appearance of the defendant, a court shall take into account several factors. *See* 18 U.S.C. § 3142(g). In this case, the Government's filing of an interlocutory appeal in response to this Court's granting of Mr. Watson's Motion to Suppress Evidence constitutes information not known at the time of the initial hearing that directly impacts the balance of the § 3142(g) factors. Under these circumstances, this Court should reopen the detention hearing and order Mr. Watson's release on bond.

**II.   Mr. Watson's prolonged pretrial detention has become excessive and consequently punitive in violation of the Due Process Clause of the Fifth Amendment.**

The Due Process Clause of the Fifth Amendment provides that "[n]o person shall .

2

. . be deprived of life, liberty, or property, without due process of law . . . ."  U.S. Const. amend. V. "In our society *liberty* is the norm, and detention prior to trial or without trial is the carefully limited exception."  *United States v. Salerno*, 481 U.S. 739, 755 (1987) (emphasis added).  Thus, in accordance with the Fifth Amendment, the government may detain a defendant prior to trial so long as the confinement does not amount to "punishment of the detainee."[1]  *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *see also United States v. Salerno,* 481 U.S. 739, 746 (1987) (pretrial detention must be "regulatory, not penal").  Absent an express intention to punish, whether detention constitutes impermissible punishment or permissible regulation turns on whether the government has a nonpunitive reason for detention and whether detention "appears excessive in relation to" the nonpunitive purpose.  *Wolfish,* 441 U.S. at 538 (quoting *Kennedy v. Mendoza-Martinez,* 372 U.S. 144, 169 (1963)).

Pretrial detention of a defendant – when *reasonable* – serves important regulatory purposes,[2] including the prevention of flight and the protection of the community from a potentially dangerous individual.  *See Salerno,* 481 U.S. at 747-749; *Schall v. Martin,* 467 U.S. 253, 264 (1984) (prevention of danger to community is legitimate regulatory goal);

---

[1] According to the Supreme Court, a pre-trial detainee is one who "has had only a 'judicial determination of probable cause as a prerequisite to [the] extended restraint of [his] liberty following arrest.'" *Bell v. Wolfish,* 441 U.S. 520, 536 (1979) (citing *Gerstein v. Pugh,* 420 U.S. 103, 114 (1975)).

[2] Interests that other courts have identified include assuring that the defendant will not flee before trial and preventing the defendant from jeopardizing the trial process through acts such as threats against witnesses. *See, e.g., United States v. Millan,* 4 F.3d 1038, 1043 (2d Cir. 1993); *United States v. Melendez-Carrion,* 790 F.2d 984, 1002 (2d Cir.1986).

*Wolfish,* 441 U.S. at 534 (government has legitimate interest in preventing flight by defendant).  When, however, detention becomes "excessively prolonged," it may no longer be reasonable in relation to the regulatory goals of detention, in which case the detention may violate the Due Process Clause.  *See Salerno,* 481 U.S. at 747 n. 4; *United States v. Gelfuso,* 838 F.2d 358, 360 (9th Cir. 1988); *United States v. Gonzales Claudio,* 806 F.2d 334, 339 (2d Cir.), *cert. dismissed*, 479 U.S. 978 (1986).

While the Sixth Circuit has not drawn a bright-line pertaining to what length of time constitutes punishment instead of regulation, the Second Circuit has identified several factors a court should weigh in determining whether the pretrial detention amounts to a constitutional violation, including:  "(1) its length, (2) the extent of the prosecution's responsibility for delay of the trial, (3) the gravity of the charges, and (4) the strength of the evidence upon which detention was based, *i.e.*, the evidence of risk of flight and dangerousness."  *United States v. El-Hage*, 213 F.3d 74, 79 (2d Cir. 2000) (per curiam).[3]  Each of these factors will be taken in turn in considering whether Mr. Watson's pretrial detention violates the Fifth Amendment.

*Length*.  "The due-process limit on the duration of preventive detention requires assessment on a *case-by-case basis*, for the clause establishes no specific limit on the

---

[3] Some courts have mentioned additional factors, such as the strength of the government's case on the merits, the complexity of the case, the hardships caused by detention, the type of threat posed by the defendant, and the extent to which release conditions can minimize risk of flight and potential dangerousness. *See United States v. Hare,* 873 F.2d 796, 801 (5th Cir.1989); *United States v. Accetturo,* 783 F.2d 382, 388 (3d Cir. 1986); *United States v. Gallo,* 653 F. Supp. 320, 338 (E.D.N.Y. 1986).

4

length of pretrial confinement." *United States v. Hare*, 873 F.2d 796, 801 (5th Cir. 1989) (emphasis added); *accord United States v. Infelise*, 934 F.2d 103 (7th Cir. 1991), *on remand*, 765 F. Supp. 906, *reconsideration denied*, 771 F. Supp. 245 (1991); *United States v. Gelfuso*, 838 F.2d 358, 359 (9th Cir. 1988); *United States v. Gonzales-Claudio,* 806 F.2d 334, 340 (2d Cir. 1986), *cert. dismissed,* 479 U.S. 978 (1986).

It is clear that long pretrial detentions, at least in some circumstances, may violate the Due Process Clause of the Fifth Amendment. *See, e.g., United States v. Millan,* 4 F.3d 1038, 1043 (2d Cir. 1993); *United States v. Portes*, 786 F.2d 758, 768 (7th Cir. 1986); *Gelfuso,* 838 F.2d at 359-60; *Gonzales-Claudio,* 806 F.2d at 339; *United States v. Accetturo,* 783 F.2d 382, 388 (3d Cir. 1986); *United States v. Theron,* 782 F.2d 1510, 1516 (10th Cir.1986) (a four-month pretrial detention, without bond, absent trial within the succeeding 30 days, required release).[4]

---

[4] *But see United States v. Tortora*, 922 F.2d 880, 889 (1st Cir. 1990) (due process was not violated by 18-month detention of the defendant, a Mafia soldier with an established penchant for violence, on ground of dangerousness though trial could last up to eight months and not likely to start within 2-3 months); *United States v. El-Hage*, 213 F.3d 74, 79-81 (2d Cir. 2000) (per curiam) (due process not violated by pretrial detention over 30 months because prosecution bore little responsibility for delay, defendant charged with playing important role in worldwide terrorist organization, and defendant capable of flight and had strong motive to flee given possible life sentence); *United States v. Dunn*, 781 F.2d 447, 450-51 (5th Cir. 1986) (due process not violated by 22-month delay between time of arrest and date of bail bond when the defendant traveled internationally in violation of original appearance bond conditions); *United States v. Infelise*, 934 F.2d 103, 104-05 (7th Cir. 1991) (due process not violated by potential two-year detention because prosecution not responsible for delay and defendants were shown to be dangerous by ample evidence); *United States v. Gelfuso*, 838 F.2d 358, 359 (9th Cir. 1988) (due process not violated by 10-month pretrial detention because government not responsible for delay, defendant posed danger to community and risk of flight, and defendant's trial was set for the following month); *United States v. Quartermaine*, 913 F.2d 910, 918 (11th Cir. 1990) (due process not violated by prospect of 8-10 month detention where defendant posed a risk of flight

Mr. Watson has been in custody on this case since April of 2010 - currently 402 days and counting.  The pretrial detention in this case has already been lengthy, and given the Government's recent filing of an interlocutory appeal, it is realistically projected to continue for a very long time - at least another full year.  This prolonged detention serves only to punish Mr. Watson, violating the Due Process Clause of the Fifth Amendment.

*Responsibility for Delay*.  In this case, Mr. Watson's extended detention is solely attributed to the Government seeking interlocutory appeal.  Despite the full evidentiary hearing and thorough briefing by the parties, the Government remains unsatisfied with the result reached by this Court.  While this is certainly their prerogative, Mr. Watson should not have to suffer the pains of incarceration simply because the opposing party disagrees with the neutral and detached findings of this Court.  Mr. Watson does not have a trial date set, much less a date set for his appeal to be argued.   With the government interposing significant delay by pursuing an interlocutory appeal, and with no trial in sight for at least one year, Mr. Watson's pretrial detention without bond can no longer be justified. A bond should be set pending further proceedings, along with any additional conditions the Court deems necessary.

---

given his financial assets outside the country, his family tie to Honduras, and his statement to a law enforcement officer suggesting that he would flee, as well as posing a risk to the community given the following: (1) at least a dozen witnesses feared for their safety if they testified publicly against the defendant; (2) the defendant had beaten his wife and his daughter on separate occasions, and in the presence of law enforcement officers; (3) the defendant had to be isolated during his pretrial detention because of fighting; (4) the defendant had threatened to harm a witness's children if he testified; and (5) the defendant was a drug addict).

*Gravity of the Charges*.  Mr. Watson is currently charged in a four-count Indictment with two counts of possession with intent to distribute a controlled substance, in violation of 21 U.S.C. § 841(a), one count of possession of a firearm in furtherance of a drug trafficking offense, in violation of 18 U.S.C. § 924(c), and one count of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g).

In the present case, the seriousness of the charges, standing alone, does not warrant prolonged detention.  This Court is to consider the *least restrictive means* to reasonably assure[5] the appearance of Mr. Watson and ensure the safety of the community, which may include release subject to several conditions. *See* 18 U.S.C. § 3142(c)(B).  If this Court is concerned with gravity of the charges, there are a number of conditions or combination of conditions that, if implemented, will reasonably assure Mr. Watson's appearance and provide for community safety.  For example, this Court could order that Mr. Watson be released with an electronic surveillance tether and/or require a curfew and/or house arrest.

*Strength of the Proof*.  Lastly, given this Court's Order to Suppress Evidence in this case, the weight of the evidence against Mr. Watson has been substantially reduced.  As previously mentioned in this Memorandum of Law, this Court's partial grant of Mr.

---

[5] The Bail Reform Act requires only reasonable assurance, *not a guarantee*, that the conditions will prevent danger or flight. *See United States v. Hir,* 517 F.3d 1081, 1092 (9th Cir. 2008) ("the Bail Reform Act contemplates only that a court be able to 'reasonably assure,' rather than guarantee, the safety of the community"); *United States v. Tortora,* 922 F.2d 880, 884 (1st Cir. 1990) ( "Requiring that release conditions guarantee the community's safety would fly in the teeth of Congress's clear intent that only a limited number of defendants be subject to pretrial detention").

Watson's Motion to Suppress Evidence excluded items found on Mr. Watson's person, as well as his statement to the Jackson Police Department.

When conducting a due process analysis of a defendant's pretrial detention, the court must reconsider the weight of the evidence in light of a suppression hearing.  *See United States v. Shareef*, 907 F. Supp. 1481, 1485 (D. Kan. 1995).  The court in *Shareef* stated that "[w]hen the admissibility of all evidence against defendant[] is questionable . . . prolonged pretrial detention must be subjected to more careful scrutiny than might otherwise be required." *Id .*  After evidence has been suppressed, such evidence should be given little to no weight when viewing the weight of the evidence against the defendant. *United States v. Barner*, 743 F. Supp. 2d 225, 230 (W.D.N.Y. 2010).[6]

Additionally, while certain crimes carry a presumption that the defendant is both a flight risk and a danger to the community, *see* 18 U.S.C. § 3142(e), such a presumption does not apply where the principal evidence in support of the charges has been suppressed.  *United States v. Jay*, 261 F. Supp. 2d 1235, 1239 (D. Ore. 2003).  As noted by the Seventh Circuit, "[a] defendant cannot be detained as dangerous under § 3142(e) . . . unless a finding is made that no release conditions will reasonably assure . . . the safety

---

[6] Some courts have held that evidence that is being suppressed for purposes of trial may nevertheless be considered in evaluating the "weight of the evidence" factor under § 3142(g). *See United States v. Pina–Aboite,* 97 Fed. Appx. 832, 835 (10th Cir. 2004) ("In a detention hearing, the district court is permitted to consider the evidence sought to be suppressed as if it were admissible"); *United States v. Jay,* 261 F.Supp.2d 1235, 1240 (D. Or. 2003) ("A court should have as much information as possible to evaluate properly whether a defendant poses any risk of danger to the community if released").

of the community. That finding cannot be based on evidence that he has been a danger in the *past*, except to the extent that his *past* conduct suggests the likelihood of future misconduct." *United States v. Dominguez,* 783 F.2d 702, 707 (7th Cir.1986) (emphasis added).

When reconsidering the strength of the Government's evidence for preventive detention, there is no evidence that Mr. Watson is a threat to the integrity of the trial process, in the sense of intimidating witnesses, etc. This case does not present a factual situation or charge-based issue involving violence committed by Mr. Watson. In fact, there is no reliable or significant evidence that would indicate that Mr. Watson committed any act of violence, or that he presents any substantial danger to the community in the form of committing additional crimes while on release. Furthermore, there is no evidence suggesting a risk of flight.

Allowing a criminal defendant to suffer prolonged pretrial detention due to a discretionary interlocutory appeal by the United States confers upon the Government inordinate power to punish an individual who is presumed innocent and violates due process. Given this Court's Order to Suppress Evidence in conjunction with the Government's filing of an interlocutory appeal, and after weighing all four factors in light of the constitutional principles of presumption of innocence and Due Process, a reasonable bond should be imposed pending further proceedings, with any special conditions the Court finds appropriate.

9

## CONCLUSION

Bail is basic to our system of law. "This traditional right to freedom before conviction permits the unhampered preparation of a defense, and serves to prevent the infliction of punishment prior to conviction." *Stack v. Boyle*, 342 U.S. 1, 4 (1951) (citing *Hudson v. Parker*, 1895, 156 U.S. 277, 285 (1895)).[7] "Unless this right to bail before trial is preserved, the presumption of innocence, secured only after centuries of struggle, would lose its meaning." *Id*. Mr. Watson's pretrial detention has now reached 402 days - well over a year. With the Government's interlocutory appeal looming in the distance, a future trial continues to disappear beneath the procedural horizon. In accord with Due Process, Mr. Watson respectfully requests that this Honorable Court set a bond.

Respectfully Submitted,

**FEDERAL DEFENDER OFFICE**
LEGAL AID & DEFENDER ASSN., INC.

s/ Andrew N. Wise
E-mail: Andrew_Wise@fd.org

s/ Todd A. Shanker
Email: Todd_Shanker@fd.org
613 Abbott St., 5th Floor
Detroit, MI 48226
Dated: May 27, 2011                    (313) 967-5542

---

[7] "The law favors the release of defendants pending determination of guilt or innocence. Deprivation of liberty pending trial is harsh and oppressive in that it subjects persons whose guilt has not yet been judicially established to economic and psychological hardship, interferes with their ability to defend themselves, and, in many cases, deprives their families of support. Moreover, the maintenance of jailed defendants and their families represents a major public expense." ABA Standards for Criminal Justice, § 10-1.1 (2d ed. 1980).

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

    v.                       CR. NO. 10cr20503
                             HONORABLE DENISE PAGE HOOD

**CHARLES WATSON**,

                Defendant.

_____/

## CERTIFICATE OF SERVICE

      I hereby certify that on May 27, 2011, I electronically filed the foregoing Motion and Brief with the Clerk of the Court using the ECF system, which will send notification of such filing to the following:

                    Ms. Hala Jarbou
                    Assistant U.S. Attorney

                    Respectfully submitted,

                    Legal Aid & Defender Association
                    **Federal Defender Office**

                    s/ Todd A. Shanker
                    613 Abbott St., 5th Floor
                    Detroit, MI 48226
                    Phone:  (313) 967-5542