**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

      Plaintiff,

                              Case No. 10-20503

v.

                              HONORABLE DENISE PAGE HOOD

CHARLES EARL WATSON,

      Defendant.

_____/

**<u>ORDER DENYING MOTION TO REOPEN DETENTION HEARING</u>**

**I.**    **Introduction**

This matter is before the Court on Defendant Charles Earl Watson's Motion to Reopen Detention Hearing and Set Bond Pending Further Proceedings **[Docket No. 52 filed on May 27, 2011]**.  The Government filed a response on June 02, 2011 **[Docket No. 53]**.  Defendant replied to the response on June 9, 2011 **[Docket No. 55]**.  A hearing was held on the matter.

Defendant is charged with four counts including:  (Count I) possession with the intent to distribute 50 grams or greater of cocaine base, in violation of 21 U.S.C § 841(a)(1); (Count II) possession with intent to distribute marijuana, in violation of 21 U.S.C § 841(a)(1); (Count III) possession of a firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C § 924(c)(1)(A); and (Count IV) felon in possession of a firearm, in violation of 18 U.S.C § 922(g)(1).

On August 10, 2010, the Magistrate Judge ordered Defendant released on bond.  The Government sought review of that order.  On August 12, 2010, Judge Stephen J. Murphy, III ordered Defendant be detained before trial under 18 U.S.C. § 3142.  **[Docket No. 11]** Judge

Murphy found the Government met its burden of proof by demonstrating "there exists no conditions or combination of conditions that would reasonably assure that [Defendant] would not pose a danger to the community or not appear if the court released him." **[Docket No. 11]**

On December 16, 2010, this Court issued an order suppressing evidence found in possession of Defendant at the time of his arrest. **[Docket No. 29]** The Court also suppressed statements made by Defendant to the police. On January 28, 2011, Defendant filed a motion to reopen detention hearing in light of the suppression of evidence and statements to police. **[Docket No. 41]** On February 16, 2011, this Court issued an order denying that motion. **[Docket No. 45]** On March 14, 2011, the Government filed on an interlocutory appeal regarding this Court's order granting Defendant's motion to suppress evidence and Defendant's statements. **[Docket No. 47]** An Order was entered staying the matter pending the appeal which was not objected to by the Defendant. **[Docket No. 37]**

II.    **Applicable Law & Analysis**

        A.    **Information Unknown to Defendant at Time of Detention Hearing**

Defendant, for the second time, moves to reopen the bond hearing based on new information. Defendant argues that when the government filed an appeal on the suppression of evidence order, that information was unknown to Defendant at the time of the detention hearing. Further, Defendant argues that the appeal constitutes information that has a material bearing on the issue of his release because no trial date exists, and the Government incarcerated him only as a way to punish him. The Government responds that Defendant has failed to show new material information unknown to Defendant at the time of the detention hearing and must be denied.

Under 18 U.S.C. § 3142(f) a detention hearing may be reopened if: 1) new information exists that was unknown to the movant at the time of the detention hearing; and 2) that

information has a material bearing on whether conditions of release exist that will reasonably assure the appearance of Defendant or have a material bearing on the safety of any other person and the community. In other words, the unknown information must increase the chances the defendant appears for their criminal hearing, or decrease the danger the defendant poses to an individual or the community as a whole. The Government has the ultimate burden of proof, to show by a clear and convincing standard that a defendant presents a danger to the community and that no combination of conditions can guarantee the safety of the community except detention. *United States v. Hazime*, 762 F.2d 34, 37 (6th Cir. 1985). Under 18 U.S.C. § 3142(g), the following factors must be considered: 1) the nature and circumstances of the offense charged; 2) the weight of the evidence against the defendant; 3) the history and characteristics of the defendant; and 4) the nature and seriousness of the danger posed by the defendant's release. Additionally, the type of crimes alleged in this matter create a presumption of detention under 18 U.S.C. § 3142(f)(1).

This Court has previously ruled that the suppression of evidence does not have a material bearing on whether conditions of release exist as is required to reopen the detention hearing given that Defendant is presumed to be a danger to the public and a flight risk. **[Docket No. 50, Tr. at 9]** The issue becomes how the filing of the interlocutory appeal affects the existence of conditions of release that are required to reopen the detention hearing. Defendant has met the first factor required to open the detention hearing--new information exists that was unknown to the movant at the time of the detention hearing--which is the appeal by the Government. However, Defendant had knowledge of the Government's intent to file the appeal when he filed his first Motion to Reopen the Detention Hearing on January 28, 2011, which the Court denied in its February 16, 2011 Order. Nothing has changed since February 2011.

3

Regarding the second factor, whether the appeal has a material bearing on the conditions, the Court's order suppressing the evidence found on his person and the statements he made to the officers goes to the weight of the evidence against the defendant under § 3142(g). Although this Court has suppressed certain evidence and statements, the Sixth Circuit has yet to rule on the admissibility of these evidence and statements. The weight of the evidence is only one factor to be considered under § 3142(g). As this Court noted, this case is a presumption case, which Defendant has not overcome. Defendant argues that the interlocutory appeal will cause a delay of his criminal trial but Defendant has not shown that such a delay in the proceedings creates an incentive that makes it more likely Defendant will appear at future proceedings or that Defendant is any less of a risk to an individual or to the community. The motion to reopen Defendant's detention hearing is denied because the delay resulting from the Government's appeal does not have a material bearing on whether conditions of release exist that will reasonably assure the appearance of Defendant or have a material bearing on the safety of any other person and the community.

### B.   Violation of Due Process

Defendant argues that the prolonged pretrial detention has become excessive and therefore punitive in violation of the due process clause of the Fifth Amendment. The Government responds that the pretrial detention is not excessive.

According to the Supreme Court, the proper inquiry to determine if a deprivation of liberty in violation of the due process clause exists is to determine if the detention amounts to punishment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979). Restrictions such as detention are considered punishment if it appears no reasonably related alternative purpose exists. Further, if the restriction appears unreasonably excessive for the alternative purpose it can also be a form of

4

punishment. *Kennedy v. Mendoza-Martinex*, 372 U.S. 144, 168-169 (1963). The Supreme Court has held that The Bail Reform Act is not unconstitutional on its face as a violation of due process. The Bail Reform Act was found not unconstitutional because the intention of the act was to protect the community from potentially dangerous criminals, and not to punish defendants. *United States v. Salerno*, 481 U.S. 739, 755 (1987). Since the Bail Reform Act is not unconstitutional on its face, a case by case analysis of the unconstitutionality of a defendant's detention under the bail reform act is necessary.

Defendant argues that there exists a point when detention lasts so long it becomes excessive. He argues that at that time, detention is not reasonably related to the government's purpose and becomes an act of punishment in violation of the due process clause. Defendant cites a list of factors to be balanced which the Second Circuit has set forth to determine at what point a pre-trial detention becomes a violation of the due process clause including: 1) length; 2) the extent of the prosecution's responsibility for delay of trial; 3) gravity of the charges; 4) strength of evidence. *United States v. El-Hague,* 213 F.3d 74, 79 (2d Cir. 2000). Although the Sixth Circuit does not appear to have addressed the issue, courts within the Circuit have applied the factors. *See, United States v. Rice,* 2006 WL 1687749 *3 (W.D. Ky. June 19, 2006) (unpublished).

Balancing the factors noted, the Court finds that Defendant's due process rights have not been violated due to the Government's appeal. The length of the detention to date is 14 months since August 2010. The minimum sentence for Counts I, II and IV is ten years for each count and life for Count III. **[Docket No. 15]** The prosecution's responsibility for the delay of the trial is 7 out of the 14 months, which began in March 2011 when the appeal was filed. It is noted that once the appeal is filed, the Court of Appeals has certain procedures and deadlines regarding the

5

timing of the filing of the briefs and setting oral arguments, which the Government does not necessarily control.  Briefing has been completed but the Court of Appeals has yet to schedule the matter for oral arguments.  It is further noted that Defendant did not object to the Government's request to stay the proceedings pending the Court of Appeals' decision on the Government's appeal.  **[Docket No. 37]**  The charges are grave, given the minimum sentence Defendant is facing.  As to the strength of the evidence, given this Court's ruling on the suppression of the evidence and statements, this factor weighs in Defendant's favor.  However, balancing all the factors set forth by the Second Circuit, Defendant has not shown that his interest in liberty is outweighed by the "greater needs of society" in detaining Defendant pending trial.  *Salerno*, 481 at 750.  Detention of Defendant during the interlocutory appeal process is not so excessive as to label it unrelated to a governmental purpose and hence punishment in violation of the Fifth Amendment.  The motion to reopen the bail hearing is denied.

### C.    Motion for Reconsideration

As noted by the Government in its response, Defendant filed a *pro se* Motion for Reconsideration of this Court's February 16, 2011 Order denying his request for bond.  It is well-established that a criminal defendant accused of a felony has a constitutional right under the Sixth Amendment to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in such proceedings.  *Faretta v. California*, 422 U.S. 806 (1975).  However, a criminal defendant does not have a right to hybrid representation.  *See, United States v. Mosely,* 810 F.2d 93, 98 (6th Cir. 1987)(Defendant, although a lawyer, was represented by counsel and the Sixth Circuit found that there is potential for undue delay and jury confusion when more than one attorney tries a case); *United States v. Green,* 388 F.3d 918-922023 (6th Cir. 2004).  A court's discretion to reject hybrid representation

6

applies to the filing of motions.  *See, United States v. Agofsky,* 20 F.3d 866, 872 (8th Cir. 1994)(The court refused to consider motions filed by defendant's mother).  The Sixth Circuit's analysis in *Mosely* is extended to filings of motions.  *See, United States v. Safiedine,* 2008 WL 324161 *1 (E.D. Mich. Case No. 06-20137, Feb. 6. 2008) (unpublished).

Given this Court's ruling on the Motion to Reopen Detention Hearing and Set Bond Pending Further Proceedings filed by Defendant's counsel, the Court denies the Motion for Reconsideration for the same reasons and because the motion was filed *pro se.*

## III.  CONCLUSION

For the reasons stated above,

IT IS ORDERED that Defendant's *Pro Se* Motion for Reconsideration **[Docket No. 46, filed March 2, 2011] is denied.**

IT IS FURTHER ORDERED that Defendant's Motion to Reopen Detention Hearing and Set Bond Pending Further Proceedings **[Docket No. 52 filed on May 27, 2011]** is denied.

IT IS FURTHER ORDERED that the Government update the Court in writing as to the status of the appeal on January 31, 2012.


s/Denise Page Hood_____
United States District Judge

Dated:  October 19, 2011

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 19, 2011, by electronic and/or ordinary mail.

s/LaShawn R. Saulsberry_____

Case Manager