**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

UNITED STATES OF AMERICA,

    Plaintiff,

v.

                                 Case No. 10-20503

CHARLES EARL WATSON,            HONORABLE DENISE PAGE HOOD

    Defendant.

_____/

**ORDER DENYING MOTION FOR RECONSIDERATION**

    The matter is before the Court on Defendant Charles Earl Watson's Motion for Reconsideration of the Court's Order Denying Motion to Dismiss filed *pro se*. Although the Court granted defense counsel's Motion to Withdraw at a hearing held on December 20, 2012, Defendant requested appointed counsel to represent him and there was no request by Defendant to represent himself.

    It is well-established that a criminal defendant accused of a felony has a constitutional right under the Sixth Amendment to be represented by counsel and to have counsel appointed for him if he cannot afford one, or, alternatively, to represent himself in such proceedings. *Faretta v. California*, 422 U.S. 806 (1975). However, a criminal defendant does not have a right to hybrid representation. *See, United States v. Mosely,* 810 F.2d 93, 98 (6th Cir. 1987)(Defendant, although a lawyer, was represented by counsel and the Sixth Circuit found that there is potential for undue delay and jury confusion when more than one attorney tries a case); *United States v. Green,* 388 F.3d 918-922023 (6th Cir. 2004). A court's discretion to reject hybrid representation may apply to the filing of motions. *See, United States v. Agofsky,* 20 F.3d 866, 872 (8th Cir. 1994)(The court refused

to consider motions filed by defendant's mother).  The Sixth Circuit's analysis in *Mosely* can be extended to filings of motions.  *See, United States v. Safiedine,* 2008 WL 324161 *1 (E.D. Mich. Case No. 06-20137, Feb. 6. 2008) (unpublished).

Given that Defendant is represented by counsel, the Court cannot review his letter/motion filed *pro se*.  Even if the Court were to consider the motion, for the reasons set forth below, the Court denies the motion.

As noted by the Court in its previous order, motions in criminal cases are governed by Local Rule 7.1 of the Local Rules of the Eastern District of Michigan governing motions in civil cases.  LCrR 12.1(a).  Local Rule 7.1 provides that any motion for reconsideration must be filed within 14 days after entry of the judgment or order.  E.D. Mich. LR 7.1(h)(1).  No response to the motion and no oral argument thereon shall be allowed unless the Court Orders otherwise.  E.D. Mich. LR 7.1(h)(2).  The Local Rule further states:

> (3) **Grounds**.  Generally, and without restricting the court's discretion, the court will not grant motions for rehearing or reconsideration that merely present the same issues ruled upon by the court, either expressly or by reasonable implication.  The movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case.

E.D. Mich. LR 7.1(h)(3).  A motion for reconsideration is not a vehicle to re-hash old arguments, or to proffer new arguments or evidence that the movant could have brought up earlier.  *Sault Ste. Marie Tribe v. Engler,* 146 F.3d 367, 374 (6th Cir. 1998)(motions under Fed.R.Civ.P. 59(e) "are aimed at *re* consideration, not initial consideration")(citing *FDIC v. World Universal Inc.,* 978 F.2d 10, 16 (1st Cir.1992)).

A review of Defendant's Motion to Reconsider shows that the motion presents the same

issues ruled upon by the Court, either expressly or by reasonable implication. Defendant failed to demonstrate a palpable defect by which the Court and the parties and other persons entitled to be heard on the motion have been misled. Defendant failed to show that correcting the defect will result in a different disposition of the case.

Accordingly,

IT IS ORDERED that Defendant Charles Watson's *pro se* Motion to Reconsider **(No. 81, filed January 2, 2013)** is DENIED.

S/Denise Page Hood
Denise Page Hood
United States District Judge

Dated: February 1, 2013

I hereby certify that a copy of the foregoing document was served upon counsel of record on February 1, 2013, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager